<hr/>

## THOMPSON *v.* PACKWOOD.

2   624
e1151064

A factor cannot be deprived of his commissions by the wilful act of his principal. The execution of a contract of agency, the obligations of which are mutual, cannot be placed entirely at the option of the principal.

In an action by a factor against his principal for compensation, evidence is admissible on the part of plaintiff to establish a custom among merchants alleged in the petition. *Per Curiam :* As a fact, it was competent to plaintiff to establish the custom ; its effect, is a different matter. It may well be supposed that the parties contracted with reference to the usual course of the business, which was the subject of their agreement.

It is within the discretion of the judge who tries a case, to determine whether the trial shall be delayed until a bill of exceptions can be drawn up and signed. *Per Curiam :* All that the party who excepts has a right to require on the trial is, that the point reserved, or decision excepted to, be reduced to writing by the court, and that a bill of exceptions may be drawn up and signed afterwards. C. P. 488, 489.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Benjamin* and *Micou*, for the plaintiff. *A. Hennen*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J.    The plaintiff, a merchant in New Orleans, had been the factor of the defendant and his son, owners of a large sugar plantation in the parish of Plaquemines, had made advances, furnished supplies, and disposed of the crop. On the defendant's becoming the sole owner, he continued the plaintiff in his agency, in the spring of 1846 ; and, on leaving Louisiana during the summer, entrusted him with the general superintendence of his plantation, which implied responsible and important duties on the part of the agent, which appear to have been performed in a proper manner. It appears that, on the return of the defendant, in October following, the plaintiff was in advance for the sum of $2,900 ; the defendant took his business from him, and this suit is for a commission of 2½ per cent on the crop made on the plantation, which the plaintiff would have been entitled to had the agency not been terminated by the defendant.

We agree in the opinion of the district judge who tried this case, that the testimony and letters of the defendant establish a contract, which excludes the conclusion that the plaintiff's compensation for his labor and trouble was to be limited to a commission of 2½ per cent on his advances, and which was, according to the true intent and meaning of the parties, a continuance of the agency which had previously existed, for which the plaintiff was to be paid by the commission on the sale of the crop, according to the usual course of business as proved by the testimony of several witnesses.

It would be manifestly unjust to deprive a factor of his commission by the wilful act of the principal, and to place entirely at his option the execution of a contract the obligations of which are mutual. Russell on Factors, 164. On the merits there is no defence whatever. There are several bills of exceptions which will be noticed.

1. There is one to the exclusion of certain evidence offered by the defendant. We think the evidence was inadmissible under the pleadings, and that the judge did not err in excluding it.

2. The defendant took a bill of exceptions to the testimony of witnesses proving the custom among merchants, as stated in the petition, on the ground that said custom was illegal. The only portion of the evidence on this subject which has any bearing in this case is, that which establishes the custom of the trade between the planter and factor. This, as a fact, it was competent for the plaintiff to establish; as to its effect as a custom, it is a different question, not necessary for us to determine. It may well be supposed that the parties contracted, with reference to the usual course of the business which was the subject of their agreement.

3. A third bill of exceptions was taken to the opinion and course of proceeding of the district judge, who refused to delay the trial of the cause for the purpose of having a bill of exceptions taken by the counsel for the defendant drawn up and signed. The judge desired the counsel to note the exception, and informed him that the court would do the same; and that the bill of exceptions might be extended afterwards.

There must be a power somewhere to control the proceedings in the trial of a cause. The practice is so well understood, and so generally acquiesced in, that questions of this kind are rarely raised. If the trial of a cause is to be delayed until every bill of exceptions is formally written out and signed by the judge, it is obvious that it may be protracted to an unreasonable length. In trials by jury this would be a most serious impediment in the administration of justice, and, in the hands of an unscrupulous litigant, the means of defeating it. We think matters of this kind are necessarily within the discretion of the judge who tries the cause, and that all the party excepting to the opinion of the court has a right to require on the trial of a cause is, that the point reserved, or decision excepted to, be reduced to writing by the court, and that the bill of exceptions may be drawn up and signed afterwards. Code of Practice, arts. 488, 489. Tidd's Practice, 788. *Dean* v. *Gridley.* 10 Wendell's Rep. 254. We think that the judge did not err in refusing to delay the trial and sign the bill of exceptions, as requested by the counsel for the defendant.

*Judgment affirmed.*